FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 APR 10 AM 10: 12
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| EMERY RAY ROSSER,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | CV 96-P-1015-S |
| | ) | |
| GREYHOUND BUS LINES,<br>BURGER KING RESTAURANT, CITY<br>OF BIRMINGHAM, BIRMINGHAM<br>POLICE DEPARTMENT, MR. ECHOLS,<br>and OFFICER JEFFREY LOEBLER, | )<br>)<br>)<br>)<br>) | |
|     Defendants. | )<br>) | |

ENTERED

APR 10 1997

MEMORANDUM OF OPINION

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation, and the objections of the plaintiff. On March 31, 1997, the same day he filed objections to the magistrate judge's report and recommendation, plaintiff filed a motion to amend his complaint to add defendants Restauna, Inc., Mosely Johnson, and Benita L. Young. It is well settled that motions to amend are left to the sound discretion of the trial judge. *See, e. g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered by FED. R. CIV. P. 15(a)'s proviso that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to

allow amendment if to do so would be futile." *Laborers Local 938 Joint Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Furthermore, where "the allegations contained in plaintiff's motion to amend are vague, conclusory, and unsupported by any facts" it is inappropriate to grant the motion. *Lee X v. Casey*, 771 F. Supp. 725, 733 (E.D. Va. 1991).

While plaintiff frames his motion as one to amend he is, in fact, attempting to substitute new defendants for those the magistrate judge has already recommended be dismissed. As discussed in the Report and Recommendation entered this same date, an action under § 1983 will not lie against a corporation or a private person in his individual capacity. Plaintiff does not allege that Restauna, Inc., Mosely Johnson, or Benita Young were acting under color of state law. Because plaintiff could not prevail on his claim against Restauna, Inc., Mosely Johnson or Benita Young his motion to amend to add them is due to be denied. Further, it is noted that plaintiff's motion to amend is untimely, having been filed over five weeks after the magistrate judge filed a report and recommendation in this case. Plaintiff has offered no explanation for his delay in seeking to add Restauna Inc., Mosely Johnson, or Benita Young as defendants and the motions to amend are due to be denied on that ground also. *See Lee X v. Casey*, 771 F. Supp. at 733.

The court has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby

adopts and approved the findings and recommendation of the Magistrate Judge as the findings and conclusions of the court. In accord with the recommendation the plaintiff's motion for partial summary judgment is due to be denied, the defendants' motion for summary judgment is due to be granted, and this complaint is due to be dismissed.

An appropriate order will be entered.

Done this the 9th day of April, 1997.

SAM C. POINTER, JR.
CHIEF UNITED STATES DISTRICT JUDGE